UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:
CHRISTOPHER LEROY HUNT
JACKIE LYNN HUNT

CASE NO. 15-60029
CHAPTER 13

Debtors

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtors plan was filed on March 09, 2015. A final hearing was held on September 03, 2015 at Parkersburg.

A summary of the Plan, or a summary of the final modification of the Plan, was transmitted to the creditors under Fed. R. Bankr. P. 3015. The Court finds that the plan meets the requirements of 11 U.S.C. §1325.

IT IS ORDERED THAT:

The Debtor's Chapter 13 Plan is confirmed. The Trustee is authorized to make payments as follows:

1. **Payments**:
$1,320.00 per month for 53 months, **plus pre-amendment/pre-confirmation payments of $6,090.00,** for a total of **$76,050.00 to be paid over the life of the plan.** The total amount stated to be paid into the Plan is based on the assumption that all payments will be made in a timely manner and that the Trustee's fee percentage will not increase during the life of the Plan. Late payments will increase the interest paid on secured claims and will, in turn, increase the total amount to be paid into the Plan.
**The debtors are above-median income debtors. The $6,090.00 in pre-confirmation funds represents 5 months of payments at the prior rate. The additional 53 months will for a distribution of 100% to unsecured creditors in less than 60 months. Turnover of tax refunds in excess of $1,500.00 as provided by the plan each year the case is pending will allow the debtors to complete the 100% distribution sooner. Debtors' counsel is responsible for amending the wage order to provide for the correct amount of monthly payments.**
**Method**:
Payments to the Trustee will be made by wage withholding.

**In addition, the debtors will pay to the trustee income tax refunds in excess of $1,500.00 received each year during the pendency of the case. The debtors shall promptly forward the funds to the trustee along with a copy of the tax return for the year which resulted in the tax refund. Said funds shall increase the gross base and shall increase the distribution to unsecured creditors.**



Pursuant to 11 U.S.C. §521(f), and in lieu of filing the tax return or transcript with the Clerk, the debtors annually during the pendency of the case shall submit to the trustee a copy of the tax returns required in that section of the Code. In addition, the debtors annually during the pendency of the case shall submit to the Trustee a new statement of income and expenditures along with the source of the debtors' income at the time. The debtors shall disclose the identity of any other person contributing to the household in which the debtors reside and shall disclose how the income and expenses were calculated. The trustee shall review the same and may petition the court to increase the monthly payment for cause.

2. **Attorney Fees:**
The Debtors previously paid **$1,750.00** to their attorney and an additional **$0.00** will be paid from the estate as indicated in the plan together with **4%** of plan payments.

3. **Other Provisions:**

The Trustee shall pay the following secured claims as indicated:

Secured Claims

| Claim No. | Creditor | Collateral | Amt Secured | Monthly Amt | Int Rate |
|---|---|---|---|---|---|
| 004 | SPECIALIZED LOAN SERVICING | DOT 97 PINE STREET | 129,480.63 | 702.94 | |
| 004A | SPECIALIZED LOAN SERVICING (SLS) | | 19,691.53 | | |

**The mortgage claim is bifurcated into an on-going payment and pre-petition arrearage claim. Payments by the trustee will be so designated. Payments on the on-going mortgage will be adjusted by the trustee to the amount ascertained from the proof of claim if the amount of the monthly payment is different than the amount set forth in the plan. The trustee will adjust mortgage payments as needed pursuant to timely Rule 3002.1 Notices filed by the Mortgage Creditor.**

Each creditor listed in this subsection shall retain its lien against the property which is the subject of its securing interest until the payment of the entire underlying debt or the entry of a discharge.

In the event that a creditor secured by the debtor's primary residence does not file a proof of claim, the secured creditor will not have available a mechanism to notify the debtor, debtor's counsel, and trustee of changes in the payment, including but not limited to, escrow changes or additional charges from whatever source. In the event that there is a mortgage arrearage being cured through the Chapter 13 plan, the failure of the creditor to file a proof of claim results in the failure of a the creditor to be able to supplement the proof of claim at the end of the case as required by Rule 3002.1 in response to the Trustee's Notice of Final Cure. Therefore, in those cases, while the trustee will be

| 15-60029 | Hunt | Confirmation Order | Page 3 of 6 |

required by Rule 3002.1 to file and serve a Notice of Final Cure, it is likely, absent extraordinary circumstances, that the trustee's records will be accepted by the Court and the creditor will be required to adjust its records to conform to the Trustee's Notice as Rule 3002.1 requires the creditor's response of unpaid fees, interest and other charges to be amendment to the proof of claim.

The Debtors shall pay the following claims directly:

Direct Pay Claims

| Claim No. | Creditor | Collateral | Monthly Amount |
|---|---|---|---|
| | SANTANDER CONSUMER USA GUARDIAN FINANCE CO. | 2006 CHRYSLER SEBRING Co-debtor claim to be paid by co-debtor | |

In the event of a post-petition default in payments to a creditor listed in this subsection, the Debtors may lose the right to serve as the disbursing agent on the claim.

In the event no proof of claim is filed for a claim secured by the debtor's primary residence that the debtors are paying directly, the trustee will not file a notice of Final Cure as the trustee has no knowledge of any pre-petition or post-petition default. The debtor may choose to file such a notice at the end of the case.

In the event of a post-petition default in payment of an obligation secured by the debtor's primary residence which results in the inclusion of the obligation to be paid by the trustee from plan payments, the creditors' failure to have filed a proof of claim will not be remedied by the order adding the claim to the plan distributions being made by the Trustee. If no proof of claim has been filed in the case, the Trustee will be required by Rule 3002.1 to file and serve a Notice of Final Cure, but it is likely, absent extraordinary circumstances, that the trustee's records will be accepted by the Court and the creditor will be required to adjust its records to conform to the Trustee's Notice as Rule 3002.1 requires the creditor's response of unpaid fees, interest and other charges to be amendments to the proof of claim.

The Debtors have surrendered or will surrender the collateral securing the liens of the following creditors:

Collateral Surrendered or Stay is Lifted

| Claim No. | Creditor | Collateral |
|---|---|---|

NONE

15-60029    Hunt    Confirmation Order    Page 4 of 6

The Debtors have sold or will sell the collateral securing the liens of the following creditors:

**Collateral Sold**

| Claim No. | Creditor | Collateral |
|---|---|---|
| | NONE | |

The Trustee shall pay the following priority claims in full:

**Priority Claims**

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| 001-2 | WEST VIRGINIA STATE TAX DEPARTMENT | $420.05 |

The Trustee shall pay domestic support arrearages as follows:

**Domestic Support Arrears**

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| | NONE | |

The Trustee shall pay ongoing domestic support obligations as follows:

**Ongoing Domestic Support**

| Claim No. | Creditor | Monthly Amount |
|---|---|---|
| | NONE | |

The following creditors have allowed unsecured claims that are to be paid PRO RATA by the Trustee pursuant to the terms of the Plan and this Confirmation Order and the estimated distribution is **100.00%**.

| 15-60029 | Hunt | Confirmation Order | Page 5 of 6 |

**Unsecured Claims**

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| 001-2 | WEST VIRGINIA STATE TAX DEPARTMENT | $129.94 |
| 003 | RESURGENT CAPITAL SERVICES | $48.21 |

**Treatment of a claim as allowed in this Confirmation Order does not bar a later objection to the claim being filed by either the Debtors or Trustee.**

The treatment of non-dischargeable student loans is as follows: The debtors shall pay the student loan directly.

Student Loans

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| 002 | USA FUNDS- MC E2148 | $67,846.56 |

**The debtor acknowledges that student loan obligation are non-dischargeable and that any student loan obligation not paid through the Plan will be due and owing at the end of the case. The debtor acknowledges that the student loan creditor(s) will apply payments during the pendency of the plan first to interest and then to principal and that interest will continue to accrue throughout the case.**

ENTERED: OCT - 2 2015

_____
JUDGE

Prepared for entry by:

/s/ Helen M. Morris
Helen M. Morris, Trustee

State Bar No. 2637
Susan Cannon-Ryan, Staff Attorney
State Bar No. 619
Chapter 13 Trustee
P O Box 8535
South Charleston, WV 25303
(304)744-6730